# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:14-CV-P589-H

**ANTHONY COOK** *et al.*                                                                 **PLAINTIFFS**

**v.**

**JUDGE SIMPSON III** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiffs Anthony Cook, John E. Sutcliffe, and Jahjah Al Mahdi,[1] prisoners incarcerated in South Carolina, filed suit against the Honorable Senior Judge Charles R. Simpson III of the U.S. District Court for the Western District of Kentucky; the Honorable Judges Michael A. Shipp and Jose L. Linares of the U.S. District Court for the District of New Jersey; the State of Kentucky; Kentucky Attorney General; "Ky. Federal Attorney"; the "United States (49) other states"; and "all other defendants listed in Case 3:14-CV-P445-S." Plaintiffs wrote in the caption of the complaint form, "Petition to Remove" and "Affidavit Seeking Reinstate."

The action was opened as a civil-rights suit. However, Plaintiffs caption the complaint as a petition for removal. The complaint also seeks "to reopen and reinstate cases 3:14-CV-P445-S; 3:08-CV-P590-S and 3:08-CV-P559-S; Then have them consolidated pursuant to the [Foreign Sovereign Immunity Act]."

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This general

---

[1] This Plaintiff also appears to list his name as Jongh Gabriel Jahjah Tishbite. The Court presumes that they are the same person for the purposes of this memorandum and order. In several filings, additional Plaintiffs were listed, as well. However, the case will be dismissed for lack of subject matter jurisdiction in any event.

presumption against removal means that it is the movant's burden to establish that removal is proper. *Id.* If a district court lacks jurisdiction over the case, the district court should *sua sponte* remand the case to the state court. *Page v. City of Southfield*, 45 F.3d 128, 132 n.8 (6th Cir. 1995) ("We recognize that if a district court determines that the second ground of § 1447(c) is satisfied, i.e., the court lacks subject matter jurisdiction over the case, the court can *sua sponte* remand the case to state court at *any* time prior to final judgment.") (emphasis in original).

Removal from a state court may only occur to the district court of the United States for the district and division embracing the place wherein the state-court pleading is pending. *See* 28 U.S.C. §§ 1441(a), 1443. It is not clear what case Plaintiffs are seeking to remove to this Court, but nowhere in the initiating document or in the voluminous attachments do Plaintiffs identify any case from a Kentucky court which they seek to remove.

Although normally a remand to the state court is required when the federal district court determines it lacks jurisdiction, the Court finds that remand is not possible here. The initiating document is not a proper notice of removal in that it does not "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Moreover, many of the documents filed by Plaintiff are unintelligible. Thus, the Court finds that dismissal is appropriate.

Moreover, Plaintiffs seek reconsideration of the dismissal of another case. However, it is improper to do so in a separate action. To the extent that Plaintiffs seek to have this action consolidated with other actions, the actions they seek to consolidate have been dismissed, and there are therefore no pending actions in the district court to consolidate.

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Date:


cc: Plaintiffs, *pro se*
 Defendants
4412.010